IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
CAROL P GUEVARRA,                         No   C-05-3466 - VRW

        Plaintiff,                             ORDER

        v

PROGRESSIVE FINANCIAL SERVICES,
INC, et al,

        Defendants.
                                      /
```

Defendants are a collection agency and one of its employees who sent a collection letter that allegedly violates the Fair Debt Collection Practices Act ("FDCPA"), 15 USC §§1692 et seq, and California's Rosenthal Fair Debt Collection Practices Act ("the Rosenthal Act"), Cal Civ Code § 1788 et seq.  Doc #1.  Defendants sent the allegedly offending letter to collect debts incurred to numerous creditors.  When this case was initially filed, the complaint sought class-wide relief on behalf of all debtors who received the letter at issue here.  Subsequently, plaintiff amended her complaint to seek relief for herself and a class of those

recipients of the offending letter indebted to IKEA, only one of the creditors. It appears that plaintiff's counsel carved out the IKEA debtors as part of some agreement with other counsel who are proceeding against defendants for letters sent to collect debts owed to other creditors.

Plaintiff has moved for class certification pursuant to FRCP 23. Doc #25. In an opposition filed three days late, see Civ L R 7-3(a), defendants approve certification but oppose plaintiff's class definition. Doc #38. For reasons that follow, the court **DENIES** without prejudice plaintiff's motion for class certification.

I

On October 9, 2004, plaintiff received an initial collection letter from defendants concerning a debt due to creditor IKEA for an overdrawn check issued to purchase goods for her personal use. Doc #1. The form collection letter sent by defendants stated that "[u]nless [plaintiff] notifies [defendant] in writing within 30 days after receiving this notice that [plaintiff] dispute[s] the validity of this debt or any portion thereof, this office will assume this debt is valid." Doc #1, Ex A. According to plaintiff, this letter violates both the FDCPA and the Rosenthal Act.

Plaintiff brings this action as a class action, proposing the class be defined as:

(i) all natural persons in California;

(ii) to whom defendants sent a letter in the form represented by Exhibit A;

**2**

      **(iii) concerning a debt allegedly owed to IKEA;**

      **(iv) which was incurred for personal, family or household purposes;**

      **(v) which letter was sent on or after August 26, 2004, and**

      **(vi) was not returned as undeliverable by the USPS.**

**Doc #25 at 2.**

## II

FRCP 23(a) sets forth the preliminary requirements to certifying a class action: (1) the class must be so numerous that joinder of all members is impracticable; (2) there must be questions of law or fact common to the class; (3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class and (4) the representative parties must be able fairly and adequately to protect the interests of the class. FRCP 23(a); see also, e g, <u>Armstrong v Davis</u>, 275 F3d 849, 868 (9th Cir 2001); <u>Walters v Reno</u>, 145 F3d 1032, 1045 (9th Cir 1998).

In addition to satisfying the Rule 23(a) prerequisites, the class must also satisfy one of the three alternatives listed under Rule 23(b). <u>Walters</u>, 145 F3d at 1045. Plaintiffs bear the burden of demonstrating that they have satisfied all four FRCP 23(a) elements and one FRCP 23(b) alternative. <u>Zinser v Accufix Research Institute, Inc</u>, 253 F3d 1180, 1186 (9th Cir 2001). Failure to carry the burden on any FRCP 23 requirement precludes certifying a class action. <u>Burkhalter Travel Agency v MacFarms Int'l, Inc</u>, 141 FRD 144, 152 (ND Cal 1991) (Jensen, J) (citing <u>Rutledge v Electric Hose & Rubber Co</u>, 511 F2d 668 (9th Cir 1975)).

"In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." Eisen v Carlisle & Jacquelin, 417 US 156, 178 (1974) (quoting Miller v Mackey Intl, 452 F 2d 424 (5th Cir 1971)) (internal quotation marks omitted). Nonetheless, the court is "at liberty to consider evidence which goes to the requirements of Rule 23 even though the evidence may also relate to the underlying merits of the case." Hanon v Dataproducts Corp, 976 F 2d 497, 509 (9th Cir 1992). On a motion for class certification, the court "is bound to take the substantive allegations of the complaint as true." Blackie v Barrack, 524 F2d 891, 901 n17 (9th Cir 1975).

### III

The court finds that the FRCP 23(a) requirements of numerosity, commonality, typicality and adequacy are met. Plaintiff has established that the proposed class will include approximately two thousand members who received the same debt collection letters at issue in this matter. Doc #35 (Bragg decl). Plaintiff's claims satisfy the commonality requirement because they arise out of the form of the letters, not the nature of the underlying debts. Doc #1. Moreover, plaintiff maintains she received the same debt collection letter from defendant as those received by the class members and was subject to the same demands. Doc #26 (Gueverra decl).

Turning to FRCP 23(b), plaintiff asserts she meets the requirements of both Rule 23(b)(2) and (3) and seeks certification

as a hybrid class under both, as this action seeks declaratory relief and statutory damages.  Doc #25.

        Defendants contend that plaintiff's proposed class action would not be "superior" under FRCP 23(b)(3), noting that plaintiff's creditor-specific class (IKEA only) would encourage piecemeal litigation because it fails to include all potential customers who received the allegedly illegal letters.  Doc #35 at 2.  The court agrees.  Defendants collect debts throughout California, for a variety of creditors.  Hence, plaintiff's IKEA-only class definition contravenes the central purpose of class actions:  avoiding multiple lawsuits.  See <u>Crown, Cork & Seal Co v Parker</u>, 462 US 345 (1983).

        Further, plaintiff's IKEA-only class exposes defendants to the risk of "one-way intervention," i e, the inability to bind all of the absent class members.  See <u>Schwarschild v Tse</u>, 69 F3d 293, 295 (9th Cir 1995).  If plaintiff prevails in an IKEA-creditor action, that determination could bind defendants in other actions involving the same collection letter through offensive non-mutual issue preclusion.  See <u>Parklane Hosiery Co v Shore</u>, 439 US 322, 331 (1979) (sanctioning the use of offensive non-mutual issue preclusion and granting to trial courts "broad discretion to determine when it should be applied").  But the same is not true if defendants prevail.  Individuals with debts to creditors other than IKEA could disregard defendants' judgment and sue over the same letter.

        Finally, plaintiff's arbitrary distinction between IKEA and non-IKEA creditors imposes the aforementioned costs without advancing fairness or efficiency.  Nowhere in plaintiff's motion

5

does she offer a justification for limiting the case to a specific creditor. Indeed, limiting the case to IKEA creditors contradicts plaintiff's argument concerning commonality under FRCP 23(a), which hinges on the fact that claims under FDCPA and the Rosenthal Act arise out of the form of the letters, <u>not</u> the nature of the underlying debts. Accordingly, the court concludes that a class action pursuant to plaintiff's proposed definition is not "superior" to other means available.

At the November 21, 2006, hearing on the present motion, in response to the court's questioning, counsel for plaintiff admitted to coordinating with plaintiff's counsel in a separate action pending in the Central District of California concerning the same letter as the one at issue here, see <u>Hertado v Progressive Financial Services</u>, 05-635-VAP-SGL. Apparently, plaintiff's counsel agreed with counsel in the <u>Hertado</u> matter to divide up the class between IKEA and non-IKEA creditors.

During this hearing, plaintiff's counsel insisted that this division of the class nearly one year after suit serves the interests of the class. But this argument belies the fact that counsel in both the present action and the <u>Hertado</u> case initially sued on behalf of the entire class. Counsel also cited <u>Mace v Van Ru Credit Corp</u>, 109 f3d 338 (7th Cir 1997), as authorizing their tactics. But in <u>Mace</u>, the court declined to impose a duty on the plaintiff to bring suit on behalf of the broadest possible class. <u>Mace</u> does not, however, condone post-suit collusion between counsel in separate actions in order to cut a class in two.

It appears to the court that counsel have divided this class action in order to maximize attorney fees without significant

benefit to their clients.  Accordingly, the court orders plaintiff's counsel to SHOW CAUSE in writing on or before December 15, 2006, why the court should not refer this matter to the State Bar of California and the Northern District's Standing Committee on Professional Conduct.  See Civil LR 11-6(a)(3)-(4).

IV

In sum, the court DENIES without prejudice plaintiff's motion for class certification.  For plaintiff to continue her action as a class action, she must redefine her class to satisfy FRCP 23(b)(3)'s requirement of "superiority."  The court also orders plaintiff's counsel to SHOW CAUSE in writing on or before December 15, 2006, why the court should not refer this matter to the State Bar of California and the Northern District's Standing Committee on Professional Conduct.

IT IS SO ORDERED.

VAUGHN R WALKER

United States District Chief Judge