IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
CAROL P GUEVARRA,                       No   C-05-3466 - VRW

        Plaintiff,                           ORDER

        v

PROGRESSIVE FINANCIAL SERVICES,
INC, et al,

        Defendants.
                                     /
```

       Defendants are a collection agency and one of its employees who sent a collection letter that allegedly violates the Fair Debt Collection Practices Act ("FDCPA"), 15 USC §§ 1692 et seq, and California's Rosenthal Fair Debt Collection Practices Act ("the Rosenthal Act"), Cal Civ Code § 1788 et seq. Doc #1. Defendants sent the allegedly offending letter to collect debts incurred to numerous creditors. When this case was initially filed, the complaint sought class-wide relief on behalf of <u>all</u> debtors who received the letter at issue here. Subsequently, plaintiff amended her complaint to seek relief for herself and a class of those recipients of the offending letter indebted to IKEA,

1 only one of the creditors.

2     At the November 21, 2006, hearing on plaintiff's class
3 certification motion, in response to the court's questioning,
4 counsel for plaintiff admitted to coordinating with plaintiff's
5 counsel in a separate action pending in the Central District of
6 California concerning the same letter as the one at issue here, see
7 <u>Hertado v Progressive Financial Services</u>, 05-635-VAP-SGL.
8 Apparently, plaintiff's counsel agreed with counsel in the <u>Hertado</u>
9 matter to divide up the class between IKEA and non-IKEA creditors.

10     The court denied plaintiff's certification motion, citing
11 plaintiff's arbitrary distinction between IKEA and non-IKEA
12 creditors and concluding that plaintiff's proposed definition is
13 not "superior" to other means available under FRCP 23(b)(3).
14 Because plaintiff's counsel appeared to have divided up the class
15 in order to maximize attorney fees without significant benefit to
16 their clients, the court ordered plaintiff's counsel to show cause
17 why the court should not refer this matter to the State Bar of
18 California and the Northern District's Standing Committee on
19 Professional Conduct. Doc #45 (citing Civil LR 11-6(a)(3)-(4)).

20     In response to the court's order to show cause, counsel
21 cites <u>Mace v Van Ru Credit Corp</u>, 109 F3d 338 (7th Cir 1997), as
22 authorizing their tactics. But in <u>Mace</u>, the court declined to
23 impose a duty on the plaintiff to bring suit on behalf of the
24 broadest possible class. <u>Mace</u> does not, however, condone post-suit
25 collusion between counsel in separate actions in order to cut a
26 class in two.

27     <u>Mace</u> nevertheless highlights a troubling aspect of the
28 FDCPA, 15 USC §§ 1692 et seq, which provides that:

**United States District Court**
For the Northern District of California

2

```
(a)   * * * [A]ny debt collector who fails to comply with any
      provision of this subchapter with respect to any person
      is liable to such person in an amount equal to the sum
      of:
(1)   any actual damage sustained by such person as a
      result of such failure;
(2)   (A)   in the case of any action by an individual,
            such additional damages as the court may allow,
            but not exceeding $ 1,000; or
      (B)   in the case of a class action, (i) such amount
            for each named plaintiff as could be recovered
            under subparagraph (A), and (ii) such amount as
            the court may allow for all other class
            members, *without regard to a minimum individual
            recovery, not to exceed the lesser of $500,000
            or 1 per centum of the net worth of the debt
            collector*; and
(3)   * * * the costs of the action, together with a
      reasonable attorney[] fee * * * 15 USC 1692k
      (emphasis added).
```

The problem lies with the statutory limit on damages in § 1692k(a)(2)(b)(ii), which applies to *each* FDCPA class action, not to all FDCPA class actions involving a particular debt collector. This encourages the multiplication of proceedings. If the debt collector has a net worth of less than $50 million, then the class may recover only 1 percent of that amount. Accordingly plaintiffs might divide into 100 classes which each take 1 percent. If the debt collector is worth more than $50 million, then each class may recover only $500,000, and plaintiffs might divide into an increasing number of classes, each taking a bite at the golden apple until the company is broke. In this way, § 1692k(a)(2)(b)(ii) creates undesirable incentives, as illustrated by the following chart depicting the potential number of classes with respect to the net worth of the debt collector:

3



The mis-incentives created by the FDCPA stand in direct conflict with 28 USC § 1927, which proscribes an attorney's multiplication of proceedings. This provision creates another mis-incentive. The limit on liability encourages debt-collecting entities to restrict their net worth and hence their potential liability.

Nowhere are the ill effects of this legal regime more evident than in the present suit, in which counsel engaged in ethically questionable behavior while purportedly serving the

4

interest of their clients.  Finding that any remedy to this situation lies with Congress, however, the court declines to refer this matter to the State Bar of California and the Northern District's Standing Committee on Professional Conduct.

        IT IS SO ORDERED.

                              **VAUGHN R WALKER**

                              United States District Chief Judge